IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| SIERRA CLUB, | § | |
| Plaintiffs, | § § § | |
| v. | § § | 1:20-CV-460-RP |
| UNITED STATES ARMY CORPS OF ENGINEERS, et al., | § § § | |
| Defendants. | § § | |

**ORDER**

Before the Court is Kinder Morgan Texas Pipeline LLC and Permian Highway Pipeline LLC's (together, "Movants") Unopposed Motion to Intervene in Support of Defendants, (the "Motion to Intervene"). (Mot. Intervene, Dkt. 16). Plaintiff Sierra Club ("Sierra Club") does not oppose the relief sought, and Defendants United States Army Corps of Engineers and its officers[1] in their official capacities (together, "Federal Defendants") take no position. (*Id.* at 2, 13). Having considered the Motion to Intervene, the record, and the relevant law, the Court will grant the Motion to Intervene.

Movants seek to intervene both by right and permissively. (Mot. Intervene, Dkt. 16, at 5–10). Intervention by right is governed by Federal Rule of Civil Procedure 24(a). To intervene by right, the prospective intervenor either must be "given an unconditional right to intervene by a federal statute," Fed. R. Civ. P. 24(a)(1), or must meet each of the four requirements of Rule 24(a)(2):

> (1) the application for intervention must be timely; (2) the applicant must have an interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede his ability to protect that interest; (4) the applicant's interest must be inadequately represented by the existing parties to the suit.

---

[1] Lieutenant General Todd T. Semonite, Colonel Kenneth N. Reed, Colonel Timothy R. Vail, Brandon W. Mobley, and Kristi McMillan.

*Texas v. United States*, 805 F.3d 653, 657 (5th Cir. 2015). "Although the movant bears the burden of establishing its right to intervene, Rule 24 is to be liberally construed." *Id.* (citations omitted). "Federal courts should allow intervention where no one would be hurt and the greater justice could be attained." *Sierra Club v. Espy*, 18 F.3d 1202, 1205 (5th Cir.1994) (internal quotation marks omitted). However, the Fifth Circuit has also cautioned courts to be "circumspect about allowing intervention of right by public-spirited citizens in suits by or against a public entity for simple reasons of expediency and judicial efficiency." *City of Hous. v. Am. Traffic Sols., Inc.*, 668 F.3d 291, 294 (5th Cir. 2012).

In this case, Movants' Motion to Intervene is timely; Movants have legally protected interests at stake in the suit; the disposition of this case may impair Movants' ability to protect their interests; and the Federal Defendants may not adequately represent Movants' interests. Because Sierra Club does not oppose and the Federal Defendants chose not to take a position and because Movants meet all four prongs of Rule(a)(2), this Court will grant the Motion to Intervene as of right. Having found that Movants can intervene as of right, the Court need not reach Movants' alternative request of permissive intervention.

For these reasons, **IT IS ORDERED** that Movants' Motion to Intervene, (Dkt. 16), is **GRANTED**.

**SIGNED** on July 5, 2020.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE