IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| SIERRA CLUB, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | |
| U.S. ARMY CORPS OF ENGINEERS, | § | Case No. 1:20-cv-00460-RP |
| LIEUTENANT GENERAL TODD T. | § | |
| SEMONITE, COLONEL KENNETH | § | |
| N. REED, COLONEL TIMOTHY R. | § | |
| VAIL, BRANDON MOBLEY, AND | § | |
| KRISTI MCMILLAN, | § | |
| | § | |
| *Defendants*, | § | |
| | § | |
| *and* | § | |
| | § | |
| KINDER MORGAN TEXAS PIPELINE | § | |
| LLC, AND PERMIAN HIGHWAY | § | |
| PIPELINE, LLC, | § | |
| | § | |
| *Intervenor-Defendants.* | § | |
| | § | |

INTERVENOR-DEFENDANTS KINDER MORGAN TEXAS PIPELINE LLC
AND PERMIAN HIGHWAY PIPELINE, LLC's ANSWER TO PLAINTIFF'S
COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

W. Stephen Benesh
Texas State Bar No. 02132050
BRACEWELL LLP
111 Congress Avenue, Suite 2300
Austin, Texas 78701-4061
Telephone: (512) 494-3680
Facsimile: (800) 404-3970
Email: steve.benesh@bracewell.com

and

Ann D. Navaro (*admitted pro hac vice*)
Brittany Pemberton (*admitted pro hac vice*)
BRACEWELL LLP
2001 M Street NW, Suite 900
Washington, DC 20006
Telephone: (202) 828-5811

Facsimile: (800) 404-3970
Email: ann.navaro@bracewell.com
Email: brittany.pemberton@bracewell.com

Date: July 13, 2020

***COUNSEL FOR INTERVENOR-DEFENDANTS
KINDER MORGAN TEXAS PIPELINE LLC AND
PERMIAN HIGHWAY PIPELINE, LLC***

Intervenor-Defendants Kinder Morgan Texas Pipeline LLC, and Permian Highway Pipeline, LLC, (collectively, "PHP") answer Plaintiff's Complaint for Declaratory and Injunctive Relief (Dkt. 1) as follows.[1]

## II.
## RESPONSE TO ALLEGATIONS

PHP responds to the specific allegations in Plaintiff's Complaint for Declaratory and Injunctive Relief in numbered paragraphs that correspond to the paragraph numbers of the Complaint for the first 68 paragraphs.  An error occurred at Plaintiff's 69th paragraph on page 20, numbering it as a second Paragraph 60.  Instead of tracking Plaintiff's typographical error, PHP will refer to those paragraphs by their correct number and will identify for the Court the relevant incorrect paragraph number and page number of Plaintiff's Original Complaint.  For example, PHP will respond to the allegations in paragraph 69, noting that the Original Complaint identifies that paragraph as paragraph 60 on page 20.  For each paragraph, if an allegation is not explicitly admitted, it is denied.

1.      PHP admits the allegation in Paragraph 1 that Plaintiff has filed a complaint for declaratory and injunctive relief. PHP also admits that the Permian Highway Pipeline ("Pipeline") will run from Reeves County to Colorado County with a length of approximately 428.54 miles and has received verifications issued under the United States Army Corps of Engineers' (the "Corps") Nationwide 12 ("NWP 12") program.  PHP denies the rest of the allegations in the first paragraph.

2.      The allegations in the first and second sentences of paragraph 2 purport to characterize a decision of the United States District Court for the District of Montana and a notice issued by the Corps.  Those documents speak for themselves and are the best evidence of their contents; PHP

---

[1] The substance of this Answer is identical to the Proposed Answer that PHP filed with its Motion to Intervene (Dkt. no. 16), which the Court granted on July 5, 2020 (Dkt. no. 25). Accordingly, PHP hereby files its Answer as Intervenor-Defendant.

denies the allegations to the extent they are inconsistent with those documents.  PHP denies the allegation in the third sentence of paragraph 2.

3.      The allegations in paragraph 3 state a legal conclusion to which no response is required. To the extent a response is required, PHP denies the allegations.

4.      PHP admits that the United States Fish and Wildlife Service prepared and issued a Biological Opinion and Incidental Take Statement related to the Pipeline on February 3, 2020, and that the Corps did not prepare an Environmental Assessment or Environmental Impact Statement related to the Biological Opinion and Incidental Take Statement.  PHP denies the remaining allegations in paragraph 4 and further states that they assert legal conclusions to which no response is required.

5.      The allegations in the first sentence of paragraph 5 purport to characterize federal regulations which speak for themselves and are the best evidence of their contents; PHP admits that the quoted language appears in those regulations.  The allegations in the second sentence state a legal conclusion to which no response is required and PHP lacks sufficient knowledge or information to admit or deny the allegation that the Corps has not reinitiated consultation with the U.S. Fish and Wildlife Service (the "Service").  PHP denies that any such reinitiation is required.

6.      The allegations in Paragraph 6 state legal conclusions to which no response is required; to the extent a response is required, the allegations are denied.

7.      PHP admits that Plaintiff has brought its case under the statutes identified in paragraph 7. The remaining allegations set forth in paragraph 7 consist of legal conclusions to which no response is required; to the extent a response is required, PHP denies the allegations.

8.      With respect to the allegations in paragraph 8, PHP admits that venue is proper in this judicial district; that Defendants are federal agencies and officers; and that a portion of the Pipeline and areas subject to Corps jurisdiction are located in this district.  The remaining allegations set forth

in paragraph 8 consist of legal conclusions to which no response is required. To the extent a response is required, PHP denies the allegations.

9.       PHP admits the allegations in paragraph 9.

10.     PHP lacks sufficient knowledge or information to admit or deny the allegations in paragraph 10 and therefore denies the allegations.

11.     PHP lacks sufficient knowledge or information to admit or deny the allegations in paragraph 11 and therefore denies the allegations.

12.     PHP lacks sufficient knowledge or information to admit or deny the allegations in paragraph 12 and therefore denies the allegations.

13.     PHP lacks sufficient knowledge or information to admit or deny the allegations in paragraph 13 and therefore denies the allegations.

14.     PHP lacks sufficient knowledge or information to admit or deny the allegations in paragraph 14 and therefore denies the allegations.

15.     PHP lacks sufficient knowledge or information to admit or deny the allegations in paragraph 10, except to deny that the Corps' actions deprived Plaintiff of rights and protections to which they are entitled.

16.     PHP lacks sufficient knowledge or information to admit or deny the first sentence in paragraph 16 and therefore denies the allegations. The remaining allegations in paragraph 16 state legal conclusions to which no response is required. To the extent a response is required, PHP denies the allegations.

17.     The allegations set forth in paragraph 17 consist of legal conclusions to which no response is required; to the extent a response is required, PHP denies the allegations.

18.     PHP lacks sufficient knowledge or information to admit or deny the allegations in paragraph 18 and therefore denies the allegations.

19.     PHP lacks sufficient knowledge or information to admit or deny the allegations in paragraph 19 and therefore denies the allegations; these allegations also state legal conclusions to which no response is required. To the extent a response is required, PHP denies the allegations.

20.     The allegations set forth in paragraph 20 consist of legal conclusions to which no response is required.  To the extent a response is required, PHP denies the allegations.

21.     The allegations set forth in paragraph 21 consist of legal conclusions to which no response is required.  To the extent a response is required, PHP denies the allegations.

22.     The allegations in paragraph 22 set forth legal conclusions to which no response is required, except that PHP admits that the Corps is federal agency headquartered in Washington, D.C., with district offices in Fort Worth and Galveston, Texas.

23.     The allegations in paragraph 23 set forth legal conclusions to which no response is required, except that PHP admits that Defendant Todd T. Semonite is the Commanding General of the Corps and its Chief of Engineers.

24.     The allegations in paragraph 24 set forth legal conclusions to which no response is required, except that PHP admits that Defendant Kenneth N. Reed is the District Commander of the Corps' Fort Worth District.

25.     The allegations in paragraph 25 set forth legal conclusions to which no response is required, except that PHP admits that Defendant Timothy R. Vail is the District Commander of the Corps' Galveston District.

26.     The allegations in paragraph 26 set forth legal conclusions to which no response is required except that, PHP admits that Defendant Brandon W. Mobley is the Chief of the Regulatory Division for the Corps' Fort Worth District who signed the Fort Worth District's verification for the Pipeline.

27.     The allegations in paragraph 27 set forth legal conclusions to which no response is required, except that PHP admits that Defendant Kristi McMillan is the Leader of the Central Evaluation Unit for the Corps' Galveston District who signed the Galveston District's verification for the Pipeline.

28.     The allegations set forth in paragraph 28 constitute legal conclusions to which no response is required and characterize a federal statute and a federal regulation that speak for themselves and are the best evidence of their contents.  To the extent the allegations are inconsistent with the federal statute and the federal regulation, they are denied.

29.     The allegations set forth in paragraph 29 constitute legal conclusions to which no response is required and characterize a federal statute and a federal regulation that speak for themselves and are the best evidence of their contents.  To the extent the allegations are inconsistent with the federal statute and the federal regulation, they are denied.

30.     The allegations set forth in paragraph 30 characterize federal regulations that speak for themselves and are the best evidence of their contents.  PHP admits the allegations to the extent they accurately reproduce the federal regulations.  To the extent the allegations are inconsistent with the federal statute and the federal regulation, they are denied.

31.     The allegations set forth in paragraph 31 constitute legal conclusions to which no response is required.  To the extent a response is required, PHP denies the allegations.

32.     The allegations set forth in paragraph 32 constitute legal conclusions to which no response is required and characterize a federal statute and a federal regulation that speak for themselves and are the best evidence of their contents.  To the extent the allegations are inconsistent with the federal statute and the federal regulation, they are denied.

33.     PHP admits the allegation in sentence one of paragraph 33 that Nationwide Permit 12 is a nationwide permit.  The remaining allegations set forth in paragraph 33 constitute legal conclusions

to which no response is required and characterize a federal statute and a federal regulation that speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the federal statute and the federal regulation, they are denied.

34. The allegations set forth in paragraph 34 constitute legal conclusions to which no response is required and characterize a federal statute and a federal regulation that speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the federal statute and the federal regulation, they are denied.

35. The allegations set forth in paragraph 35 constitute legal conclusions to which no response is required and characterize a federal publication that speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the federal statute and the federal publication, they are denied.

36. PHP admits that the U.S. District Court for the District of Montana issued an order in the case referred to in the first sentence of paragraph 36. PHP lacks sufficient knowledge or information to admit or deny the existence or content of Defendants' communications regarding the order. The remainder of allegations set forth in paragraph 36 constitute legal conclusions to which no response is required and characterize a federal statute and a federal regulation that speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the federal statute and the federal regulation, they are denied.

37. The allegations set forth in paragraph 37 constitute legal conclusions to which no response is required and characterize a federal statute and a federal regulation that speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the federal statute and the federal regulation, they are denied. PHP admits that the quoted text appears in the referenced statutes and regulations.

38.     The allegations set forth in paragraph 38 constitute legal conclusions to which no response is required and characterize a federal statute and a federal regulation that speak for themselves and are the best evidence of their contents.  To the extent the allegations are inconsistent with the federal statute and the federal regulation, they are denied.  PHP admits that the Endangered Species Act ("ESA") treats interagency consultation at the cited text.

39.     The allegations set forth in paragraph 39 constitute legal conclusions to which no response is required and characterize a federal statute and an opinion of the United States Supreme Court that speak for themselves and are the best evidence of their contents.  PHP admits that the quoted text appears in the referenced materials.  To the extent the allegations are inconsistent with the Court's opinion, they are denied.

40.     The allegations set forth in paragraph 40 constitute legal conclusions to which no response is required and characterize a federal publication that speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the federal statute and the federal publication, they are denied.

41.     The allegations set forth in paragraph 41 constitute legal conclusions to which no response is required and characterize an order of the U.S. District Court for the District of Montana that speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the referenced materials, they are denied.

42.     The first two sentences of paragraph 42 constitute legal conclusions to which no response is required and characterize various federal documents which speaks for themselves and are the best evidence of their contents.  The remainder of allegations set forth in paragraph 42 constitute legal conclusions to which no response is required and characterize a federal regulation that speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the federal documents and regulations, they are denied.

43.     The allegations set forth in paragraph 43 constitute legal conclusions to which no response is required and characterize a federal regulation that speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the federal statute and the federal regulation, they are denied.  PHP admits that the quoted text appears in the referenced regulation.

44.     PHP admits that the Council on Environmental Quality is a federal agency.  The remaining allegations set forth in paragraph 44 constitute legal conclusions to which no response is required and characterize a federal statute and a federal regulation that speak for themselves and are the best evidence of their contents.  To the extent the allegations are inconsistent with the federal statute and the federal regulation, they are denied.

45.     The allegations set forth in paragraph 45 constitute legal conclusions to which no response is required and characterize a federal regulation that speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the federal regulation or statute, they are denied.

46.     The allegations set forth in paragraph 46 constitute legal conclusions to which no response is required and characterize federal regulations that speak for themselves and are the best evidence of their contents.  To the extent the allegations are inconsistent with the federal regulations, they are denied.

47.     The allegations set forth in paragraph 47 constitute legal conclusions to which no response is required and characterize federal regulations and a federal document that speak for themselves and are the best evidence of their contents.  To the extent the allegations are inconsistent with the reference materials, they are denied.

48.     The allegations set forth in paragraph 48 constitute legal conclusions, to which no response is required,    and characterize a federal regulation that speaks for itself and is the best

evidence of its contents.  To the extent the allegations are inconsistent with the referenced materials, they are denied.

49.     The allegations set forth in paragraph 49 constitute legal conclusions to which no response is required and characterize federal regulations that speak for themselves and are the best evidence of their contents.  To the extent the allegations are inconsistent with the referenced regulations, they are denied.

50.     The allegations set forth in paragraph 50 constitute legal conclusions to which no response is required and characterize federal statutes and an opinion of a federal district court that speak for themselves and are the best evidence of their contents.  To the extent the allegations are inconsistent with the federal statutes and court opinions, they are denied.

51.     The allegations in paragraph 51 constitute legal conclusions to which no response is required and purport to characterize federal documents and regulations.  To the extent the allegations are inconsistent with those documents, the allegations are denied.

52.     The allegations set forth in paragraph 52 constitute legal conclusions to which no response is required and characterize federal regulations that speak for themselves and are the best evidence of their contents.  To the extent the allegations are inconsistent with the federal regulations, they are denied.

53.     The allegations set forth in paragraph 53 constitute legal conclusions to which no response is required and characterize a federal statute that speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the statute, they are denied.

54.     The allegations set forth in paragraph 54 constitute legal conclusions to which no response is required and characterize a federal statute that speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the statute, they are denied.

55.     PHP admits the first five sentences of paragraph 55.  It denies the first clause of the sixth sentence, and admits the remainder.

56.     PHP admits the allegations in paragraph 56 only to the extent that the Pipeline will cross approximately 449 waters along its length that were considered to be "waters of the United States" within the meaning of the Clean Water Act at the time the Corps' verification was issued, that work related to such crossings is subject to federal regulation under the Clean Water Act, and that work in a number of crossings can proceed under NWP 12 without verification by the Corps.  PHP denies the remaining allegations in paragraph 56.

57.     PHP admits the allegations in the first sentence of paragraph 57 only to the extent PHP provided a pre-construction notification ("PCN") to the Fort Worth District for approximately 43 crossings and to the Galveston District for approximately 86 crossings pursuant to various requirements of the NWPs, including, where applicable, General Condition 18.  PHP lacks sufficient knowledge or information to admit or deny the allegations in the second sentence of paragraph 57 except to admit that the Corps evaluated the PCNs pursuant to NWP 12.  PHP denies the remaining allegations of paragraph 57.

58.     With respect to the allegations in the first sentence of paragraph 58, PHP admits that the referenced project numbers are used to identify the Corps' actions with respect to work regulated by the Corps related to Pipeline construction.  The allegations in the second sentence of paragraph 58 purport to characterize Corps documents which speak for themselves and are themselves the best evidence of their contents.  To the extent the allegations in paragraph 58 are inconsistent with those documents and except as herein admitted, PHP denies the allegations.

59.     PHP admits the allegations in a paragraph 59 to the extent that the allegations are consistent with the contents of the Biological Assessment, the Biological Opinion, and/or the Corps' verifications which speak for themselves and are themselves the best evidence of their contents.  To

the extent the allegations in paragraph 59 are inconsistent with those documents, PHP denies the allegations.

60.     PHP admits the allegations in paragraph 60 to the extent that the allegations are consistent with the contents of the Biological Opinion and federal regulations, which speak for themselves and are the best evidence of their contents.  To the extent the allegations in paragraph 60 are inconsistent with the Biological Opinion and federal regulations, PHP denies the allegations.

61.     PHP admits the allegations in paragraph 61 to the extent that the allegations are consistent with the contents of the Biological Opinion, which speaks for itself and is the best evidence of its contents.  To the extent the allegations in paragraph 61 are inconsistent with the Biological Opinion and federal regulations, PHP denies the allegations.

62.     PHP admits the allegations in a paragraph 62 to the extent that the allegations are consistent with the contents of the Biological Assessment, the Biological Opinion, and/or the Corps' verifications which speak for themselves and are themselves the best evidence of their contents.  To the extent the allegations in paragraph 62 are inconsistent with those documents, PHP denies the allegations.

63.     The allegations in paragraph 63 constitute legal conclusions and purport to characterize the Biological Opinion, the Incidental Take Statement, the ESA, and the ESA's implementing regulations, which speak for themselves and are the best evidence of their character. To the extent the allegations in paragraph 63 are inconsistent with those materials, PHP denies the allegations.

64.     The allegations in paragraph 64 constitute legal conclusions and purport to characterize the Biological Opinion, the Incidental Take Statement, the ESA, and the ESA's implementing regulations, which speak for themselves and are the best evidence of their character.

To the extent the allegations in paragraph 64 are inconsistent with those materials, PHP denies the allegations.

65.     PHP admits the first sentence of paragraph 65.  The second sentence is a legal conclusion to which no response is required.  To the extent a response is required, PHP denies the second sentence.

66.     Paragraph 66 is a legal conclusion to which no response is required; paragraph 66 also purports to characterize the Corps' verifications which are themselves the best evidence of their contents.  To the extent a response is required, PHP admits the allegations to the extent consistent with the referenced documents.

67.     Paragraph 67 characterizes a federal document that speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the federal document, they are denied.

68.     Paragraph 68 characterizes a federal document that speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the federal document, they are denied.

69.     PHP admits allegations in paragraph 69, erroneously paragraph 60 on page 20 of Plaintiff's Original Complaint, to the extent that the allegations are consistent with the content of the Biological Assessment, the Biological Opinion, and the Corps' verification documents, which are themselves the best evidence of those contents.  To the extent that Plaintiff's description of those contents is inconsistent with those documents, PHP denies the allegations.

70.     PHP admits the allegations in paragraph 70, erroneously paragraph 61 on page 21 of Plaintiff's Original Complaint, to the extent that the allegations are consistent with the Biological Opinion and their incorporation into the Corps' verifications, which are themselves the best evidence

of their contents.  To the extent Plaintiff's allegations of the contents of those documents are inconsistent with those documents, PHP denies Plaintiff's allegations.

71.     PHP admits the allegations in paragraph  71, erroneously paragraph 62 on page 21 of Plaintiff's Original Complaint, to the extent that the Corps did not prepare an Environmental Assessment or Environmental Impact Statement for the verification decisions specific to work related to the Pipeline.  PHP denies that any such analysis was required.

72.     With respect to the allegations in paragraph 72, erroneously paragraph 63 on page 21 of Plaintiff's original complaint.  PHP admits that construction of the Pipeline began in 2019 and that construction has included work subject to NWP 12.  PHP denies the remaining allegations in this paragraph.

73.     With respect to the allegations in paragraph 73, erroneously paragraph 64 on pages 21 and 22, PHP admits only that construction of the Pipeline is ongoing.  PHP lacks information to admit or deny the allegations related to internal Corps communications or lack of communications as alleged in the second sentence.  PHP admits the allegation in the third sentence, that the Corps has not instructed PHP to halt construction activities subject to its jurisdiction, and denies that it is required to do so.  The remaining sentences assert legal conclusions which do not warrant a response; to the extent a response is required, PHP denies the allegations.

74.     Paragraph 74, erroneously paragraph 65 on page 22 of Plaintiff's Original Complaint, asserts a legal conclusion and purports to characterize the content of the Corps' verifications.  To the extent a legal conclusion is asserted, no response is required; if a response is required, PHP denies the allegations.  With respect to the content of the Corps' verification documents, the documents stand for themselves and are the best evidence of their contents.  To the extent a response is required with respect to those documents, PHP denies the allegations to the extent they are inconsistent with the documents.

75.     Paragraph 75, erroneously paragraph 66 on page 22 of Plaintiff's Original Complaint, cites to federal regulations which speak for themselves and are the best evidence of their contents. The remainder of the allegation in paragraph 74 asserts a legal conclusion to which no response is required, but to the extent a response is required, PHP denies the allegations.

76.     Paragraph 76, erroneously paragraph 67 on page 22 of Plaintiff's Original Complaint, asserts a legal conclusion to which no response is required.  To the extent a response is required, PHP denies the allegations.

77.     Paragraph 77, erroneously paragraph 68 on page 23 of Plaintiff's Original Complaint, incorporates Plaintiff's preceding allegations.  In response, PHP incorporates the preceding responses in this Answer.

78.     Paragraph 78, erroneously paragraph 69 on page 23 of Plaintiff's Original Complaint, asserts a number of legal conclusions which require no response.  To the extent a response is required, PHP denies the allegations.

79.     The allegations in paragraph 79, erroneously paragraph 70 on page 23 of Plaintiff's Original Complaint, asserts a legal conclusion to which no response is required.  To the extent a response is required, PHP denies the allegations.

80.     PHP lacks information regarding internal Corps communications to admit or deny the allegation in the first sentence in paragraph 80, erroneously paragraph 71 on page 23 of Plaintiff's Original Complaint.  With respect to the second sentence, PHP admits that the Corps has not suspended or revoked verifications for work related to Pipeline construction and denies that it has any obligation to do so.

81.     Paragraph 81, erroneously paragraph 72 on page 23 of Plaintiff's Original Complaint, asserts a legal conclusion to which no response is required.  To the extent a response is required, PHP denies the allegations.

82. Paragraph 82, erroneously paragraph 73 on pages 23 and 24 of Plaintiff's Original Complaint, asserts legal conclusions to which no response is required. To the extent a response is required, PHP denies the allegations.

83. Paragraph 83, erroneously paragraph 74 on page 24 of Plaintiff's Original Complaint, incorporates the Plaintiff's preceding allegations. In response, PHP incorporates the preceding responses in this Answer.

84. Paragraph 84, erroneously paragraph 75 on page 24 of Plaintiff's Original Complaint, asserts legal conclusions to which no response is required. To the extent a response is required, PHP denies the allegations.

85. PHP admits the allegations in Paragraph 85, erroneously paragraph 76 on page 24 of Plaintiff's Original Complaint, only to the extent that the Corps did not prepare a NEPA analysis specific to its verification that regulated activities incident to construction of the Pipeline could proceed under NWP 12. PHP denies that any such analysis was required.

86. Paragraph 86 of Plaintiff's Original Complaint on page 24, erroneously paragraph 77, asserts legal conclusions to which no response is required. To the extent a response is required, PHP denies the allegations.

87. Paragraph 87, erroneously paragraph 78 on page 25 of Plaintiff's Original Complaint, incorporates the Plaintiff's preceding allegations. In response, PHP incorporates the preceding responses in this Answer.

88. Paragraph 88, erroneously paragraph 79 on page 25 of Plaintiff's Original Complaint, asserts legal conclusions to which no response is required. To the extent a response is required, PHP denies the allegations.

89. PHP admits the allegations on Paragraph 89, erroneously paragraph 80 on page 25 of Plaintiff's Original Complaint, only to the extent that the Corps did not prepare a NEPA analysis

specific to its verification that regulated activities incident to construction of the Pipeline could proceed under NWP 12.  PHP denies that any such analysis was required.

90.     Paragraph 90, erroneously paragraph 81 on page 25 of Plaintiff's Original Complaint, asserts legal conclusions to which no response is required.  To the extent a response is required, PHP denies the allegations.

## III.
## AFFIRMATIVE DEFENSES

90.     PHP and the Corps complied with relevant federal statutes and administrative regulations related to activities regulated under the Clean Water Act and required for construction of the Pipeline.

91.     Plaintiff's claims are barred, by whole or in part, by laches.

## IV.
## PRAYER FOR RELIEF

Intervenor-Defendants Kinder Morgan Texas Pipeline LLC and Permian Highway Pipeline, LLC pray that Plaintiff's claims be denied and that Defendants be granted all other just and proper relief to which they are entitled.

Dated July 13, 2020

Respectfully submitted,

BRACEWELL LLP

*/s/ W. Stephen Benesh*
W. Stephen Benesh
Texas State Bar No. 02132050
steve.benesh@bracewell.com
111 Congress Avenue, Suite 2300
Austin, Texas 78701
Tel.: 512.494.3680
Fax: 800-404-3970

Ann D. Navaro (*admitted pro hac vice*)
ann.navaro@bracewell.com
Brittany M. Pemberton (*admitted pro hac vice*)
brittany.pemberton@bracewell.com
BRACEWELL LLP
2001 M Street NW, Suite 900
Washington DC 20036
Tel: 202.828.5811
Fax: 800.404.3970

**Counsel for Intervenor-Defendants Kinder Morgan Texas Pipeline LLC and Permian Highway Pipeline, LLC**

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that on this 13th day of July 2020, a true and complete copy of the foregoing Intervenor-Defendants Kinder Morgan Texas Pipeline LLC and Permian Highway Pipeline, LLC's Answer to Plaintiff's Complaint for Declaratory and Injunctive Relief was served to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

 */s/ W. Stephen Benesh*
W. Stephen Benesh