# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| SIERRA CLUB, | § |
| *Plaintiff*, | § § § |
| v. | § § |
| U.S. ARMY CORPS OF ENGINEERS, LIEUTENANT GENERAL TODD T. SEMONITE, COLONEL KENNETH N. REED, COLONEL TIMOTHY R. VAIL, BRANDON MOBLEY, AND KRISTI MCMILLAN, | § § § § § § § §  Case No. 1:20-cv-00460-RP |
| *Defendants*, | § § § |
| and | § § |
| KINDER MORGAN TEXAS PIPELINE LLC, AND PERMIAN HIGHWAY PIPELINE, LLC, | § § § § |
| *Intervenor-Defendants.* | § § |

**INTERVENOR-DEFENDANTS KINDER MORGAN TEXAS PIPELINE LLC AND PERMIAN HIGHWAY PIPELINE, LLC's ANSWER TO PLAINTIFF'S AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

W. Stephen Benesh
Texas State Bar No. 02132050
BRACEWELL LLP
111 Congress Avenue, Suite 2300
Austin, Texas 78701-4061
Telephone: (512) 494-3680
Facsimile: (800) 404-3970
Email: steve.benesh@bracewell.com

and

Ann D. Navaro (*admitted pro hac vice*)
Brittany Pemberton (*admitted pro hac vice*)
BRACEWELL LLP
2001 M Street NW, Suite 900
Washington, DC 20006
Telephone: (202) 828-5811

Facsimile: (800) 404-3970
Email: ann.navaro@bracewell.com
Email: brittany.pemberton@bracewell.com

Date: October 2, 2020

**COUNSEL FOR INTERVENOR-DEFENDANTS KINDER MORGAN TEXAS PIPELINE LLC AND PERMIAN HIGHWAY PIPELINE, LLC**

Intervenor-Defendants Kinder Morgan Texas Pipeline LLC, and Permian Highway Pipeline, LLC, (collectively, "PHP") answer Plaintiff's Amended Complaint for Declaratory and Injunctive Relief (Dkt. 46) as follows. For the convenience of the Court and the parties, PHP states that this is substantially the same as PHP's Answer (Dkt. 31) with minor revisions in light of Plaintiff's amendments.

## II.
## RESPONSE TO ALLEGATIONS

PHP responds to the specific allegations in Plaintiff's Amended Complaint for Declaratory and Injunctive Relief in numbered paragraphs that correspond to the paragraph numbers of the Amended Complaint. For each paragraph, if an allegation is not explicitly admitted, it is denied.

1. PHP admits the allegation in paragraph 1 that Plaintiff has filed a complaint for declaratory and injunctive relief. PHP also admits that the Permian Highway Pipeline ("Pipeline") will run from Reeves County to Colorado County with a length of approximately 428.54 miles and has received verifications issued under the United States Army Corps of Engineers' (the "Corps") Nationwide 12 ("NWP 12") program. PHP denies the rest of the allegations in the first paragraph.

2. The allegations in paragraph 2 purport to characterize a decision of the United States District Court for the District of Montana. That decision speaks for itself and is the best evidence of its contents; PHP denies the allegations to the extent they are inconsistent with that decision.

3. The allegation in paragraph 3 states a legal conclusion to which no response is required. To the extent a response is required, PHP denies the allegation. PHP denies that Sierra Club is entitled to the relief requested.

4. PHP admits that the United States Fish and Wildlife Service prepared and issued a Biological Opinion and Incidental Take Statement related to the Pipeline on February 3, 2020, and that the Corps did not prepare an Environmental Assessment or Environmental Impact Statement

related to the Biological Opinion and Incidental Take Statement. PHP denies the remaining allegations in paragraph 4 and further states that they assert legal conclusions to which no response is required.

5. The allegations in the first sentence of paragraph 5 purport to characterize federal regulations which speak for themselves and are the best evidence of their contents; PHP admits that the quoted language appears in those regulations. The allegations in the second sentence state a legal conclusion to which no response is required and PHP lacks sufficient knowledge or information to admit or deny the allegation that the Corps has not reinitiated consultation with the U.S. Fish and Wildlife Service (the "Service") on the basis of the District of Montana holding. PHP denies that any such reinitiation is required.

6. The allegations in paragraph 6 state legal conclusions to which no response is required; to the extent a response is required, the allegations are denied.

7. PHP admits that Plaintiff has brought its case under the statutes identified in paragraph 7. The remaining allegations set forth in paragraph 7 consist of legal conclusions to which no response is required; to the extent a response is required, PHP denies the allegations.

8. With respect to the allegations in paragraph 8, PHP admits that venue is proper in this judicial district; that Defendants are federal agencies and officers; and that a portion of the Pipeline and areas subject to Corps jurisdiction are located in this district. The remaining allegations set forth in paragraph 8 consist of legal conclusions to which no response is required. To the extent a response is required, PHP denies the allegations.

9. PHP admits the allegations in paragraph 9.

10. PHP lacks sufficient knowledge or information to admit or deny the allegations in paragraph 10 and therefore denies the allegations.

11. PHP lacks sufficient knowledge or information to admit or deny the allegations in paragraph 11 and therefore denies the allegations.

12. PHP lacks sufficient knowledge or information to admit or deny the allegations in paragraph 12 and therefore denies the allegations.

13. PHP lacks sufficient knowledge or information to admit or deny the allegations in paragraph 13 and therefore denies the allegations.

14. PHP lacks sufficient knowledge or information to admit or deny the allegations in paragraph 14 and therefore denies the allegations.

15. PHP lacks sufficient knowledge or information to admit or deny the allegations in paragraph 15, except to deny that the Corps' actions deprived Plaintiff of rights and protections to which they are entitled.

16. PHP lacks sufficient knowledge or information to admit or deny the first sentence in paragraph 16 and therefore denies the allegations. The remaining allegations in paragraph 16 state legal conclusions to which no response is required. To the extent a response is required, PHP denies the allegations.

17. The allegations set forth in paragraph 17 consist of legal conclusions to which no response is required; to the extent a response is required, PHP denies the allegations.

18. PHP lacks sufficient knowledge or information to admit or deny the allegations in paragraph 18 and therefore denies the allegations.

19. PHP lacks sufficient knowledge or information to admit or deny the allegations in paragraph 19 and therefore denies the allegations; these allegations also state legal conclusions to which no response is required. To the extent a response is required, PHP denies the allegations.

20. The allegations set forth in paragraph 20 consist of legal conclusions to which no response is required. To the extent a response is required, PHP denies the allegations.

21. The allegations set forth in paragraph 21 consist of legal conclusions to which no response is required. To the extent a response is required, PHP denies the allegations.

22. The allegations in paragraph 22 set forth legal conclusions to which no response is required, except that PHP admits that the Corps is federal agency headquartered in Washington, D.C., with district offices in Fort Worth and Galveston, Texas.

23. The allegations in paragraph 23 set forth legal conclusions to which no response is required, except that PHP admits that Defendant Todd T. Semonite is the Commanding General of the Corps and its Chief of Engineers.

24. The allegations in paragraph 24 set forth legal conclusions to which no response is required, except that PHP admits that Defendant Kenneth N. Reed is the District Commander of the Corps' Fort Worth District.

25. The allegations in paragraph 25 set forth legal conclusions to which no response is required, except that PHP admits that Defendant Timothy R. Vail is the District Commander of the Corps' Galveston District.

26. The allegations in paragraph 26 set forth legal conclusions to which no response is required except that, PHP admits that Defendant Brandon W. Mobley is the Chief of the Regulatory Division for the Corps' Fort Worth District who signed the Fort Worth District's verification for the Pipeline.

27. The allegations in paragraph 27 set forth legal conclusions to which no response is required, except that PHP admits that Defendant Kristi McMillan is the Leader of the Central Evaluation Unit for the Corps' Galveston District who signed the Galveston District's verification for the Pipeline.

28.     The allegations set forth in paragraph 28 constitute legal conclusions to which no response is required and characterize a federal statute that speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the federal statute, they are denied.

29.     The allegations set forth in paragraph 29 constitute legal conclusions to which no response is required and characterize a federal statute and federal regulations that speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the federal statute and the federal regulations, they are denied.

30.     The allegations set forth in paragraph 30 characterize federal regulations that speak for themselves and are the best evidence of their contents. PHP admits the allegations to the extent they accurately reproduce the federal regulations. To the extent the allegations are inconsistent with the federal statute and the federal regulation, they are denied.

31.     The allegations set forth in paragraph 31 constitute legal conclusions to which no response is required. To the extent a response is required, PHP denies the allegations.

32.     The allegations set forth in paragraph 32 constitute legal conclusions to which no response is required and characterize a federal statute that speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the federal statute, they are denied.

33.     PHP admits the allegation in sentence one of paragraph 33 that Nationwide Permit 12 is a nationwide permit. The remaining allegations set forth in paragraph 33 constitute legal conclusions to which no response is required and characterize a federal publication that speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the federal publication, they are denied.

34.     The allegations set forth in paragraph 34 constitute legal conclusions to which no response is required and characterize a federal regulation that speaks for itself and is the best evidence

of its contents. To the extent the allegations are inconsistent with the federal regulation, they are denied.

35. The allegations set forth in paragraph 35 constitute legal conclusions to which no response is required and characterize a federal publication that speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the federal publication, they are denied.

36. The allegations set forth in paragraph 36 constitute legal conclusions to which no response is required and characterize a federal statute and federal regulations that speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the federal statute and the federal regulation, they are denied. PHP admits that the quoted text appears in the referenced statutes and regulations.

37. The allegations set forth in paragraph 37 constitute legal conclusions to which no response is required and characterize a federal statute that speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the federal statute and the federal regulation, they are denied. PHP admits that the Endangered Species Act ("ESA") treats interagency consultation at the cited text.

38. The allegations set forth in paragraph 38 constitute legal conclusions to which no response is required and characterize a federal statute and federal regulations that speak for themselves and are the best evidence of their contents. PHP admits that the quoted text appears in the referenced materials. To the extent the allegations are inconsistent with the federal statute and regulations, they are denied.

39. The allegations set forth in paragraph 39 constitute legal conclusions to which no response is required and characterize a federal publication that speaks for itself and is the best evidence

of its contents. PHP admits the quoted text appears in the referenced materials. To the extent the allegations are inconsistent with the federal statute and the federal publication, they are denied.

40. The allegations set forth in paragraph 40 characterize documents that speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with those documents, they are denied.

41. The allegations set forth in paragraph 41, including the footnote, describe federal judicial opinions that speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with those documents, they are denied.

42. The allegations in paragraph 42 constitute legal conclusions to which no response is required and characterize various federal judicial opinions which speaks for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the federal documents, they are denied.

43. The allegations set forth in paragraph 43 constitute legal conclusions to which no response is required and characterize federal documents that speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the federal documents, they are denied.

44. The allegations set forth in paragraph 44 characterize a federal document that speaks for itself and constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

45. The allegations set forth in paragraph 45 constitute legal conclusions to which no response is required and purport to characterize a federal regulation which speaks for itself and is the best evidence of its contents. PHP admits that the quoted and excerpted text appears in the referenced regulations. To the extent the allegations are inconsistent with the referenced materials, they are denied.

46. The allegation set forth in paragraph 46 purport to characterize federal regulations that speak for themselves and are the best evidence of their contents. PHP admits that the quoted and excerpted text appears in the referenced regulations. To the extent the allegations are inconsistent with the referenced materials, they are denied.

47. PHP admits that the Council on Environmental Quality is a federal agency. The remaining allegations set forth in paragraph 47 constitute legal conclusions to which no response is required and characterize a federal statute and a federal regulation that speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the federal statute and the federal regulation, they are denied.

48. The allegations set forth in paragraph 48 constitute legal conclusions to which no response is required and characterize a federal statute and federal regulations that speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the federal statute or regulation, they are denied.

49. The allegations set forth in paragraph 49 constitute legal conclusions to which no response is required and characterize federal regulations that speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the federal regulations, they are denied.

50. The allegations set forth in paragraph 50 constitute legal conclusions to which no response is required and characterize federal regulations that speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the reference materials, they are denied.

51. The allegations set forth in paragraph 51 constitute legal conclusions, to which no response is required, and characterize a federal regulation that speaks for itself and is the best evidence

of its contents.  To the extent the allegations are inconsistent with the referenced materials, they are denied.

52.     The allegations set forth in paragraph 52 constitute legal conclusions to which no response is required and characterize federal regulations that speak for themselves and are the best evidence of their contents.  To the extent the allegations are inconsistent with the referenced regulations, they are denied.

53.     The allegations set forth in paragraph 53 constitute legal conclusions to which no response is required and characterize federal statutes and a federal judicial opinion that speak for themselves and are the best evidence of their contents.  To the extent the allegations are inconsistent with the federal statutes and the judicial opinion, they are denied.

54.     The allegations in paragraph 54 constitute legal conclusions to which no response is required and purport to characterize federal documents and regulations.  To the extent the allegations are inconsistent with those documents, the allegations are denied.

55.     The allegations set forth in paragraph 55 constitute legal conclusions to which no response is required and characterize federal regulations and judicial opinions that speak for themselves and are the best evidence of their contents.  To the extent the allegations are inconsistent with the federal regulations and court opinions, they are denied.

56.     The allegations set forth in paragraph 56 constitute legal conclusions to which no response is required and characterize a federal statute that speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the statute, they are denied.

57.     The allegations set forth in paragraph 57 constitute legal conclusions to which no response is required and characterize a federal statute that speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the statute, they are denied.

58.	PHP admits the first five sentences of paragraph 58.  It denies the first clause of the sixth sentence, and admits the remainder.

59.	Regarding paragraph 59, PHP admits that at the time of the original February 13, 2020 verifications, it was estimated that approximately 449 waters would be crossed by the Pipeline, that such waters were considered to be "waters of the United States" within the meaning of the Clean Water Act at the time the Corps' verification was issued, that work related to such crossings is subject to federal regulation under the Clean Water Act, and that work in a number of crossings can proceed under NWP 12 without verification by the Corps.  The remaining allegations in paragraph 59 constitute legal conclusions to which no response is required. To the extent a response is required, the remaining allegations are denied.

60.	Regarding paragraph 60, PHP admits that at the time of the original February 13, 2020 verifications, it was estimated that approximately eighty-six (86) of the proposed WOTUS crossings in the Fort Worth District and forty-three (43) of the proposed water crossings within the Galveston District triggered pre-construction notification on the basis of General Condition 18.  PHP lacks sufficient knowledge or information to admit or deny the allegations in the second sentence of paragraph 60 except to admit that the Corps evaluated the PCNs pursuant to NWP 12.  PHP denies the remaining allegations of paragraph 60.

61.	With respect to the allegations in the first sentence of paragraph 61, PHP admits that the referenced project numbers are used to identify the Corps' actions with respect to work regulated by the Corps related to Pipeline construction.  The allegations in the second sentence of paragraph 61 purport to characterize Corps documents which speak for themselves and are themselves the best evidence of their contents.  To the extent the allegations in paragraph 61 are inconsistent with those documents and except as herein admitted, PHP denies the allegations.

62. PHP admits the allegations in a paragraph 62 to the extent that the allegations are consistent with the contents of the Biological Assessment, the Biological Opinion, and/or the Corps' verifications which speak for themselves and are themselves the best evidence of their contents. To the extent the allegations in paragraph 62 are inconsistent with those documents, PHP denies the allegations.

63. PHP admits the allegations in paragraph 63 to the extent that the allegations are consistent with the contents of the Biological Opinion and federal regulations, which speak for themselves and are the best evidence of their contents. To the extent the allegations in paragraph 63 are inconsistent with the Biological Opinion and federal regulations, PHP denies the allegations.

64. PHP admits the allegations in paragraph 64 to the extent that the allegations are consistent with the contents of the Biological Opinion, which speaks for itself and is the best evidence of its contents. To the extent the allegations in paragraph 64 are inconsistent with the Biological Opinion and federal regulations, PHP denies the allegations.

65. PHP admits the allegations in a paragraph 65 to the extent that the allegations are consistent with the contents of the Biological Assessment, the Biological Opinion, and/or the Corps' verifications which speak for themselves and are themselves the best evidence of their contents. To the extent the allegations in paragraph 65 are inconsistent with those documents, PHP denies the allegations.

66. The allegations in paragraph 66 constitute legal conclusions and purport to characterize the Biological Opinion, the Incidental Take Statement, the ESA, and the ESA's implementing regulations, which speak for themselves and are the best evidence of their character. To the extent the allegations in paragraph 66 are inconsistent with those materials, PHP denies the allegations.

67. The allegations in paragraph 67 constitute legal conclusions and purport to characterize the Biological Opinion, the Incidental Take Statement, the ESA, and the ESA's implementing regulations, which speak for themselves and are the best evidence of their character. To the extent the allegations in paragraph 67 are inconsistent with those materials, PHP denies the allegations.

68. PHP admits that it received verification documents from the Corps on February 13, 2020, as alleged in the first sentence of paragraph 68. It denies the remainder of the allegations in the first sentence. The second sentence is a legal conclusion to which no response is required. To the extent a response is required, PHP denies the second sentence.

69. Paragraph 69 is a legal conclusion to which no response is required; paragraph 69 also purports to characterize the Corps' verifications which are themselves the best evidence of their contents.

70. Paragraph 70 characterizes a federal document that speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the federal document, they are denied.

71. Paragraph 71 characterizes a federal document that speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the federal document, they are denied.

72. PHP admits allegations in paragraph 72 to the extent that the allegations are consistent with the contents of the Biological Assessment, the Biological Opinion, and the Corps' verifications, which are themselves the best evidence of their contents. To the extent that Plaintiff's description of those contents is inconsistent with those documents, PHP denies the allegations.

73. PHP admits the allegations in paragraph 73 to the extent that the allegations are consistent with the Biological Opinion and their incorporation into the Corps' verifications, which are

themselves the best evidence of their contents. To the extent Plaintiff's allegations of the contents of those documents are inconsistent with those documents, PHP denies Plaintiff's allegations.

74. PHP admits the allegations in paragraph 74 to the extent that the Corps did not prepare an Environmental Assessment or Environmental Impact Statement for the verification decisions specific to work related to the Pipeline. PHP denies that any such analysis was required.

75. With respect to the allegations in paragraph 75, PHP admits that construction of the Pipeline began in 2019 and that construction has included work subject to NWP 12. PHP denies the remaining allegations in this paragraph.

76. Paragraph 76 asserts a legal conclusion to which no response is required. To the extent a response is required, PHP denies the allegations.

77. Paragraph 77 incorporates Plaintiff's preceding allegations. In response, PHP incorporates the preceding responses in this Answer.

78. PHP admits the allegation in paragraph 78.

79. The allegations in paragraph 79 assert a legal conclusion to which no response is required and refer to a federal statute which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the federal statute, the allegations are denied.

80. The allegations in paragraph 80 assert a legal conclusion to which no response is required. To the extent a response is required, PHP denies the allegations.

81. Paragraph 81 asserts a legal conclusion to which no response is required. To the extent a response is required, PHP denies the allegations.

82. Paragraph 82 asserts legal conclusions to which no response is required. To the extent a response is required, PHP denies the allegations.

83. Paragraph 83 asserts legal conclusions to which no response is required. To the extent a response is required, PHP denies the allegations. Paragraph 83 also purports to characterize federal

statutes, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the statutes, PHP denies the allegations.

84. Paragraph 84 incorporates the Plaintiff's preceding allegations. In response, PHP incorporates the preceding responses in this Answer.

85. Paragraph 85 asserts legal conclusions to which no response is required and purports to characterize federal statutes, regulations, and a judicial opinion, which speak for themselves and are the best evidence of their contents. To the extent a response is required, PHP denies the allegations.

86. PHP admits the allegations in paragraph 86 only to the extent that the Corps did not prepare a NEPA analysis specific to its verification that regulated activities incident to construction of the Pipeline could proceed under NWP 12. PHP denies that any such analysis was required.

87. Paragraph 87 asserts legal conclusions to which no response is required. To the extent a response is required, PHP denies the allegations.

88. Paragraph 88 incorporates the Plaintiff's preceding allegations. In response, PHP incorporates the preceding responses in this Answer.

89. Paragraph 89 asserts legal conclusions to which no response is required and purports to characterize federal statutes, regulations, and a judicial opinion, which speak for themselves and are the best evidence of their contents. To the extent a response is required, PHP denies the allegations.

90. PHP admits the allegations in paragraph 90 only to the extent that the Corps did not prepare a NEPA analysis specific to its verification that regulated activities incident to construction of the Pipeline could proceed under NWP 12. PHP denies that any such analysis was required.

91. Paragraph 91 asserts legal conclusions to which no response is required. To the extent a response is required, PHP denies the allegations.

## III.
## AFFIRMATIVE DEFENSES

1. PHP and the Corps complied with relevant federal statutes and administrative regulations related to activities regulated under the Clean Water Act and required for construction of the Pipeline.

## IV.
## PRAYER FOR RELIEF

Intervenor-Defendants Kinder Morgan Texas Pipeline LLC and Permian Highway Pipeline, LLC pray that Plaintiff's claims be denied and that Defendants be granted all other just and proper relief to which they are entitled.

Dated October 2, 2020

Respectfully submitted,

BRACEWELL LLP

/s/ W. Stephen Benesh
W. Stephen Benesh
Texas State Bar No. 02132050
steve.benesh@bracewell.com
111 Congress Avenue, Suite 2300
Austin, Texas 78701
Tel.: 512.494.3680
Fax: 800-404-3970

Ann D. Navaro (*admitted pro hac vice*)
ann.navaro@bracewell.com
Brittany M. Pemberton (*admitted pro hac vice*)
brittany.pemberton@bracewell.com
BRACEWELL LLP
2001 M Street NW, Suite 900
Washington DC 20036
Tel: 202.828.5811
Fax: 800.404.3970

**Counsel for Intervenor-Defendants Kinder Morgan Texas Pipeline LLC and Permian Highway Pipeline, LLC**

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 2nd day of October 2020, a true and complete copy of the foregoing Intervenor-Defendants Kinder Morgan Texas Pipeline LLC and Permian Highway Pipeline, LLC's Answer to Plaintiff's Complaint for Declaratory and Injunctive Relief was served to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

                                             */s/ W. Stephen Benesh*
                                             W. Stephen Benesh